**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

BARRIGO SERVICES, LLC,

Plaintiff,

vs.

BLUE RABBIT TRANSPORTERS, LLC, GLOBAL TRANZ ENTERPRISES, LLC, ORTEGA SUPPLY CHAIN & LOGISTICS CONSULTANT, INC., and RAMON PICAZO d/b/a PICAZO TRUCKING,

Defendants.
_______________________________________/

Case No. ________________

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, BARRIGO SERVICES, LLC ("Barrigo" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendants BLUE RABBIT TRANSPORTERS, LLC ("Blue Rabbit"), GLOBAL TRANZ ENTERPRISES, LLC ("Global"), ORTEGA SUPPLE CHAIN & LOGISTICS CONSULTANT, INC. ("Ortega"), and RAMON PICAZO d/b/a PICAZO TRUCKING ("Picazo") (Blue Rabbit, Global, Ortega, and Picazo collectively referred to as "Defendants"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times material hereto, Plaintiff BARRIGO SERVICES, LLC was and now is a Florida Limited Liability Company with its principal place of business in Hallandale, Florida.

2. At all times material hereto, Defendant, BLUE RABBIT TRANSPORTERS LLC, was and now is a Texas Limited Liability Company with its principal place of business in Buda, Texas. Blue Rabbit is further registered with the Federal Motor Carrier Safety Administration (the "FMCSA") and Department of Transportation (the "DOT") under USDOT No. 3663058 and MC-

1267223 authorized to operate in the State of Florida, traversing the state of Florida during such operations, and maintaining a Registered BOC-3 Agent in the State of Florida.

3. At all times material hereto, Defendant, GLOBAL TRANZ ENTERPRISES, LLC, was and now is an Arizona Limited Liability Company with its principal place of business in Tempe, Arizona. Global is further registered with the FMCSA and the DOT under USDOT No. 2972645 and FF-9492 authorized to operate in the State of Florida, traversing the State of Florida during such operations, and maintaining a Registered BOC-3 Agent in the State of Florida.

4. At all times material hereto, Defendant, ORTEGA SUPPLY CHAIN & LOGISTICS CONSULTANT, INC., was and now is a Florida for-profit Corporation with its principal place of business in Doral, Florida.

5. At all times material hereto, Defendant, RAMON PICAZO d/b/a PICAZO TRUCKING, was and now is an individual with his residence and primary place of business in San Bernardino, California. Picazo is further registered with the DOT under USDOT No. 1912135 and, upon information and belief, was authorized to operate in the State of Florida, traversed the State of Florida during such operations, and maintaining a Registered BOC-3 Agent in the State of Florida.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 given that the instant claims arise under 49 U.S.C. § 14706 and the amount in controversy as incorporated on the subject bill of lading exceeds $10,000, exclusive of interest and costs. Furthermore, this Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367 given that Plaintiff's claims are so related to the claims brought under 49 U.S.C. § 14706 that they form part of the same case or controversy.

7. The Court has personal jurisdiction over Plaintiff and Defendant Ortega as they are organized and operating under the laws of the State of Florida and have their primary places of business in the State of Florida.

8. This Court further has personal jurisdiction over the Defendants Blue Rabbit, Global, and Picazo because they are authorized to operate in the State of Florida, traverse the State of Florida during their operations, and maintain a Registered BOC-3 Agent in the State of Florida. Furthermore, the claims in the instant suit arise from Defendants Blue Rabbit, Global, and Picazo's contacts with the State of Florida.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant Ortega resides in this judicial district and under 49 U.S.C. § 14706 because Defendants Blue Rabbit, Global, and Picazo operate in this judicial district.

## GENERAL ALLEGATIONS

10. On or about May 29, 2025, Plaintiff purchased and began to arrange for the transport of 12 pallets of goods from Vernon, California to Doral, Florida (the "Shipment").

11. On or about May 29, 2025, Plaintiff through its agent, Dynamitech, LLC, further entered into an agreement with Ortega wherein Ortega would assume responsibility for the Shipment and was required to carefully select, vet, insure, actively monitor all parties with relation to the Shipment, and guaranteeing delivery of the Shipment to Doral, Florida.

12. Thereafter, upon information and belief, Ortega contracted with Global to ensure timely and proper delivery of the Shipment.

13. Global accepted full responsibility for pickup, loading, transport, and delivery of the Shipment. *See* Vernon Police Report, pg. 2, a true and correct copy attached hereto as **Exhibit "A."**

14. However, Global then passed on its duties to Blue Rabbit who further accepted full responsibility to pick up, load, transport, and delivery the Shipment. *See id; see also* Bill of Lading, a true and correct copy attached hereto as **Exhibit "B."**

15. In turn, upon information and belief, Blue Rabbit then further passed on its duties to Picazo, who again accepted full responsibility to pick up, load, transport, and delivery the Shipment. *See* Ex. A, p. 2; Ex. B.

16. On or about June 2, 2025, and pursuant to Bill of Lading No. 20967361, Picazo picked up the Shipment in Vernon, California set for delivery and destination of Doral, Florida with both Blue Rabbit represented on the Bill of Lading as a Carrier and the Bill of Lading directing charges for carriage were prepaid to Global. *See* Ex. A, p. 2; Ex. B.

17. This Shipment, however, was not delivered to Doral, Florida in accordance with the Bill of Lading. *See* Ex. A.

18. As a result, Plaintiff has suffered losses in the amount of $152,770.40 and further consequential damages.

19. Plaintiff has retained the undersigned as counsel in this matter and are required to pay same for reasonable attorney fees and costs incurred in this action.

20. All conditions precedent to this action have been performed, waived, or occurred.

**COUNT I – VIOLATION OF THE CARMACK AMENDMENT**
**(Against Blue Rabbit)**

21. Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. Blue Rabbit accepted responsibility for ensuring delivery of the Shipment. *See* Ex. A; Ex. B.

23. Blue Rabbit is further listed as the Carrier for the Shipment per the Bill of Lading. *See* Ex. B.

24. As such, Blue Rabbit is considered a Carrier of the Shipment for the purposes of the Carmack Amendment.

25. As acknowledged on the Bill of Lading, on or about June 2, 2025, the shipment was delivered to the carrier in good order, condition, and quantity in Vernon, California. *Id.*

26. Blue Rabbit failed to deliver the Shipment in good order and condition and, instead, the Shipment was deemed stolen. *See* Ex. A.

27. Under 49 U.S.C. § 14706, Blue Rabbit is strictly liable for damages for the loss to the Shipment and consequential damages.

28. Plaintiff issued a demand to Blue Rabbit for payment for the loss of the Shipment and consequential damages arising therefrom.

29. To date, Blue Rabbit has failed to remit payment to Plaintiff.

30. Plaintiff has suffered losses in the amount of $152,770.40, as well as consequential damages, and attorneys' fees and costs for bringing the instant action.

WHEREFORE, Plaintiff, BARRIGO SERVICES, LLC, respectfully requests this honorable Court enter a Final Judgment in favor of Plaintiff and against Defendant, BLUE RABBIT TRANSPORTERS, LLC, awarding Plaintiff its damages as a result of Defendant's actions, including attorneys' fees and costs, and for any and all other relief the Court deems just and proper.

**COUNT II – VIOLATION OF THE CARMACK AMENDMENT**
**(Against Global)**

31. Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

32. Global accepted responsibility for ensuring delivery of the Shipment. *See* Ex. A, p. 2.

33. In fact, the Vernon Police Report interview of a Global employee specifically states Global was hired "to transport 12 pallets of cargo to [Plaintiff]" *See id.*

34. As such, Global is considered a Carrier of the Shipment for the purposes of the Carmack Amendment.

35. As acknowledged on the Bill of Lading, on or about June 2, 2025, the shipment was delivered to the carrier in good order, condition, and quantity in Vernon, California. *See* Ex. B.

36. Global failed to deliver the Shipment in good order and condition and, instead, the Shipment was deemed stolen. *See* Ex. A.

37. Under 49 U.S.C. § 14706, Global is strictly liable for damages for the loss to the Shipment and consequential damages.

38. Plaintiff issued a demand to Global for payment for the loss of the Shipment and consequential damages arising therefrom.

39. To date, Global has failed to remit payment to Plaintiff.

40. Plaintiff has suffered losses in the amount of $152,770.40, as well as consequential damages, and attorneys' fees and costs for bringing the instant action.

WHEREFORE, Plaintiff BARRIGO SERVICES, LLC respectfully requests this honorable Court enter a Final Judgment in favor of Plaintiff and against Defendant GLOBAL TRANZ ENTERPRISES, LLC awarding Plaintiff their damages as a result of Defendant's actions, including attorneys' fees and costs, and for any and all other relief the Court deems just and proper.

**COUNT III – NEGLIGENCE**
**(Against Global – *in the alternative*)**

41. Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

42. Plaintiff brings the instant cause of action *in the alternative* to the extent Global is not found to be a carrier under the Carmack Amendment.

43. Upon information and belief, Global entered into an agreement with Ortega for the benefit of Plaintiff wherein Global would be required to carefully select, vet, insure, and actively monitor all parties with relation to the Shipment, finally guaranteeing delivery guaranteeing delivery of the Shipment in Doral, Florida.

44. As such, Global owed Plaintiff a duty to carefully select, vet, insure, actively monitor all parties with relation to the Shipment, and guarantee delivery of the Shipment in Doral, Florida.

45. Global breached its duties by, *inter alia*, failing to carefully select and vet Blue Rabbit, failing to carefully select and vet Picazo, permitting the hasty selection and delegation of duties to Picazo, prioritizing speed over due diligence in order to retain business, failing to monitor and confirm communications with Blue Rabbit as an actual carrier and not a fraudulent or erroneous carrier.

46. As a direct and proximate result of Global's actions, the Shipment was not delivered to the Plaintiff in Doral, Florida and was instead deemed stolen. *See* Ex. A.

47. As a direct and proximate result of Global's actions, Plaintiff has suffered losses in the amount of $152,770.40, as well as consequential damages, and attorneys' fees and costs for bringing the instant action.

48. Plaintiff issued a demand to Global for payment for the loss of the Shipment and consequential damages arising therefrom.

49. To date, Global has failed to remit payment to Plaintiff.

WHEREFORE, Plaintiff, BARRIGO SERVICES, LLC, respectfully requests this honorable Court enter a Final Judgment in favor of Plaintiff and against Defendant, GLOBAL

TRANZ ENTERPRISES, LLC, awarding Plaintiff its damages as a result of Defendant's actions, including attorneys' fees and costs, and for any and all other relief the Court deems just and proper.

**COUNT IV – BREACH OF ORAL AGREEMENT**
**(Against Ortega)**

50. Plaintiff re-allege paragraphs 1 through 20 as if fully set forth herein.

51. On or about May 29, 2025, Plaintiff entered into an oral and implied contract with Ortega wherein Ortega would assume responsibility for the Shipment and was required to carefully select, vet, insure, and actively monitor all parties with relation to the Shipment, finally guaranteeing delivery guaranteeing delivery of the Shipment in Doral, Florida (the "Contract").

52. In turn, Plaintiff would compensate Ortega for its services.

53. As such, there was a valid contact between Plaintiff and Ortega.

54. Under the Contract, Ortega was required to carefully select, vet, insure, and actively monitor all parties with relation to the Shipment with reasonable care, assuming responsibility for the shipment, and finally guaranteeing delivery guaranteeing delivery of the Shipment in Doral, Florida.

55. Ortega breached the Contract by failing, *inter alia*, failing to carefully select and vet Global, failing to carefully select and vet Blue Rabbit, failing to carefully select and vet Picazo, permitting the hasty selection and delegation of duties to Blue Rabbit and Picazo, prioritizing speed over due diligence in order to retain business, failing to monitor and confirm communications with Global, Blue Rabbit, and Picazo as actual carriers and not fraudulent or erroneous carriers, failing to insure the Shipment, and failing to guarantee delivery of the Shipment.

56. As a direct and proximate result of Ortega's breach of the Contract, Plaintiff has suffered losses in the amount of $152,770.40, as well as consequential damages, and attorneys' fees and costs for bringing the instant action.

57. Plaintiff issued a demand to Ortega for payment for the loss of the Shipment and consequential damages arising therefrom.

58. To date, Ortega has failed to remit payment to Plaintiff.

59. Plaintiff has suffered losses in the amount of $152,770.40, as well as consequential damages, and attorneys' fees and costs for bringing the instant action.

WHEREFORE, Plaintiff BARRIGO SERVICES, LLC respectfully requests this honorable Court enter a Final Judgment in favor of Plaintiff and against Defendant ORTEGA SUPPLY CHAIN & LOGISTICS CONSULTANT, INC. awarding Plaintiff its damages as a result of Defendant's actions, including attorneys' fees and costs, and for any and all other relief the Court deems just and proper.

**COUNT V – VIOLATION OF THE CARMACK AMENDMENT**
**(Against Picazo)**

60. Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

61. As acknowledged on the Bill of Lading, on or about June 2, 2025, the shipment was delivered to the Picazo in good order, condition, and quantity in Vernon, California. *See* Ex. B.

62. Picazo failed to deliver the Shipment in good order and condition and, instead, the Shipment was deemed stolen. *See* Ex. A.

63. Under 49 U.S.C. § 14706, Picazo is strictly liable for damages for the loss to the Shipment and consequential damages.

64. Plaintiff issued a demand to Picazo for payment for the loss of the Shipment and consequential damages arising therefrom.

65. To date, Picazo has failed to remit payment to Plaintiff.

66. Plaintiff has suffered losses in the amount of $152,770.40, as well as consequential damages, and attorneys' fees and costs for bringing the instant action.

WHEREFORE, Plaintiff, BARRIGO SERVICES, LLC, respectfully requests this honorable Court enter a Final Judgment in favor of Plaintiff and against Defendant, RAMON PICAZO d/b/a PICAZO TRUCKING, awarding Plaintiff its damages as a result of Defendants actions, including attorneys' fees and costs, and for any and all other relief the Court deems just and proper.

DATED February 6, 2026.

Respectfully submitted,

**MATHIS LAW GROUP**

*/s/ Michael M. Ricobaldi, Esq.*
**MICHAEL M. RICOBALDI, ESQ.**
Florida Bar No.: 1018134
mricobaldi@mathislawgroup.com
kvanleer@mathislawgroup.com
**BRIAN K. MATHIS, ESQ.**
Florida Bar No.: 0046223
bmathis@mathislawgroup.com
jkirkland@mathislawgroup.com
515 E. Las Olas Blvd., Suite 1301
Ft. Lauderdale, FL 33301
Mailing Address:
P.O. Box 91657
Lakeland, FL 33804
T: (954) 616-4404
F: (954) 616-4405
*Attorneys for Plaintiff*